**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 96-41191**
**Summary Calendar**

**LESLIE SUNDELL,**

**Plaintiff-Appellant,**

**VERSUS**

**CISCO SYSTEMS INCORPORATED,**

**Defendant-Appellee.**

Appeal from the United States District Court
For the Southern District of Texas
(G-96-CV-576)

March 20, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

The appellant, Leslie Sundell, filed suit against Cisco Systems, Inc. in the United States District Court for the Southern District of Texas, <u>Galveston Division</u>. A few days after filing such suit, and before service of process upon the defendant or any answer by defendant, counsel for Sundell discovered that he had erroneously drafted the original complaint for filing in the Galveston Division when he had intended to file it in the Houston

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Division.  Several days later, counsel for the appellant filed a motion to transfer the case from the Galveston Division to the Houston Division.  The district court denied such motion and dismissed the suit without prejudice.

Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district.  Likewise, under 28 U.S.C. § 1406(a), the district court is directed to dismiss a case which is filed in the wrong division or district for venue purposes or to transfer such case to any district or division in which it could have been properly brought.  We read § 1406 as again giving the district court discretion to decide which course of action to follow.

We find nothing in the record of this case upon which we could say the district court abused its discretion.  Accordingly, the entry of final judgment without prejudice is

**AFFIRMED**.

2